# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
November 19, 2019

Lyle W. Cayce
Clerk

No. 18-60689
Summary Calendar

EDA YMELDA MARTINEZ-DE CRISTALES; KEVIN ERNESTO CRISTALES-MARTINEZ,

Petitioners

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 730 260
BIA No. A 206 730 288

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Eda Ymelda Martinez-De Cristales and Kevin Ernesto Cristales-Martinez, natives and citizens of El Salvador, petition for review of the Board of Immigration Appeals' (BIA's) dismissal of their appeal of the immigration judge's decision denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Petitioners argue that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

they qualified for asylum because the extortion demands and death threats made by the MS-13 gang over the course of ten months rose to the level of past persecution and that the persecution they endured was on account of their political opinion and membership in a particular social group.  They also argue that these past harms gave rise to a well-founded fear of future persecution. Finally, the petitioners argue that they are entitled to relief under the CAT because they face a clear probability of torture in El Salvador at the hand of criminal elements because of rampant police corruption.

We review questions of law de novo and factual findings for substantial evidence.  *Zhu v. Gonzales,* 493 F.3d 588, 594 (5th Cir. 2007).  Under the substantial evidence standard, "[t]he alien must show that the evidence was so compelling that no reasonable factfinder could conclude against it."  *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009).

Substantial evidence supports the BIA's conclusion that the petitioners did not establish past persecution or a well-founded fear of future persecution. Gang members targeted petitioners because they were perceived to have wealth based on Martinez-De Cristales's ownership of a small business and because Martinez-De Cristales's husband lived in the United States.  This court has held that it does "not recognize economic extortion as aw form of persecution under immigration law."  *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015).  Moreover, the evidence indicated that the petitioners could relocate to another part of El Salvador because other family members live there and have not experienced harm.  *See Eduard v. Ashcroft*, 379 F.3d 182, 194 (5th Cir. 2004) (stating that an alien does not have a well-founded fear of persecution if he could avoid persecution by relocating to another part of the country).

No. 18-60689

Substantial evidence also supports the BIA's conclusion that the petitioners were not entitled to relief under the CAT. The record failed to show that the extortion and threats directed at the petitioners were officially-sanctioned torture. *See Garcia v. Holder*, 756 F.3d 885, 892 (5th Cir. 2014) (holding that "potential instances of violence committed by non-governmental actors against citizens, together with speculation that police might not prevent that violence, are generally insufficient to prove government acquiescence").

The petition for review is therefore DENIED.